IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT HARDEN,<br><br>    Plaintiff,<br><br>vs.<br><br>THE STATE OF NEBRASKA, THE NEBRASKA ATTORNEY GENERAL'S OFFICE, MATT KUHSE, Douglas County Prosecutor, in his Official Capacity; AIMEE MELTON, Douglas County Prosecutor, in her Official Capacity; LEANNE MARIE SRB, Douglas County Public Defender; THE GOVERNORS OFFICE, THE ATTORNEY GENERAL, in His and Her Official Capacity; LAURIE SMITH CAMP, Judge; GERALD MORAN, Judge; THE NEBRASKA FEDERAL BUREAU OF INVESTIGATIONS DIVISION, ROBERT CLAYTON HICKS, Agent; MICHAEL SACKETT, Agent; and THE OMAHA POLICE DEPARTMENT,<br><br>    Defendants. | 4:17CV3095<br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP") (Filing No. 5) and Motion for Appointment of Counsel (Filing No. 7). As set forth in the Prison Litigation Reform Act, a prisoner cannot:

> [B]ring a civil action . . . or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The following three cases brought by Plaintiff were dismissed for failure to state a claim:

• *Harden v. State of Iowa*, No. 4:07CV3154 (D. Neb.), dismissed on June 19, 2007. (Case No. 4:07CV3154, Filing Nos. 5 and 6 .)

• *Harden v. Emmettsburg, Iowa, et al.*, No. 8:06CV770 (D. Neb.), dismissed on February 5, 2007. (Case No. 8:06CV770, Filing Nos. 5 and 6 .)

• *Harden v. Harden, et al.*, No. 8:07CV68 (D. Neb.), dismissed on February 28, 2007. (Case No. 8:07CV68, Filing Nos. 9 and 10 .)

In light of the foregoing, the court will give Plaintiff 30 days in which to show cause for why this case should not be dismissed pursuant to the provisions of 28 U.S.C. 1915(g). In the alternative, Plaintiff may pay the full $400.00 filing and administrative fees. In the absence of good cause shown, or the payment of the necessary fees, this action will be dismissed. Plaintiff is not unfamiliar with this process, as the court dismissed a prior action of Plaintiff's for failure to show that he was entitled to proceed IFP or pay the full filing fee. *See Harden v. Yah, et al.*, Case No. 4:08CV3259 (D. Neb. February 24, 2009).

IT IS THEREFORE ORDERED that:

1.   Plaintiff has 30 days to either show cause for why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g) or pay the court's $400.00 filing and administrative fees.

2. Plaintiff's Motion for Appointment of Counsel ([Filing No. 7](#)) is denied without prejudice to reassertion.

3. The clerk's office is directed to set a pro se case management deadline in this matter with the following text: **September 18, 2017**: check for Plaintiff's response or filing fee.

Dated this 16th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge